NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2105
_____

UNITED STATES OF AMERICA

v.

TRAVON DAWKINS,

Appellant.
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
(D.C. Crim. Action No. 09-cr-00163)
District Judge:  Honorable Alan N. Bloch
_____

Submitted Under Third Circuit LAR 34.1(a)
February 10, 2011
_____

Before:  JORDAN, GREENAWAY, JR., and GARTH, Circuit Judges

(Opinion Filed March 22, 2011)
_____

OPINION
_____

GREENAWAY, JR., Circuit Judge

Appellant Travon Dawkins ("Dawkins") appeals his judgment and sentence,

entered on April 15, 2010.  For the reasons that follow, we will affirm.

Because we write primarily for the parties, we need not repeat the facts or procedural history of this case, which the District Court has previously set forth. (App. Vol. I 1-15.) Dawkins argues that the District Court erred in denying his motion to suppress evidence found during a <u>Terry</u>[1] search because the stop of the vehicle and the resultant seizure were not supported by probable cause or reasonable suspicion. Dawkins contends that the resultant frisk and search of his person, the evidence seized (crack cocaine and marijuana), and his answers to questions are all "tainted by the illegality of the initial stop under the 'fruit of the poisonous tree' doctrine and the evidence must be suppressed." (Appellant's Br. at 6).

In its detailed Order, the District Court thoroughly explained its reasons for denying the motion to suppress. (<u>See</u> App. Vol. I 6-14.) First, the Court held that the initial vehicle stop on February 23, 2006 was permissible because it was necessary to allow the officers to execute an arrest warrant on the passenger, Billy Love Dawkins ("B.L."). Therefore, the officers were justified in stopping Dawkins's vehicle. Second, there was reasonable suspicion to frisk Dawkins. An investigatory stop is permissible under the Fourth Amendment if it is lawful. The officer must have a reasonable suspicion that the person apprehended is committing or has committed a criminal offense. In order to engage in a frisk after an investigatory stop, the officer must reasonably suspect that the person stopped is armed and dangerous. <u>Terry</u>, 392 U.S. at 30. The officers met the

---

[1] <u>Terry v. Ohio</u>, 392 U.S. 1 (1968).

first condition by lawfully stopping the vehicle, armed with the knowledge of the outstanding arrest warrant for B.L., and detaining Dawkins pending B.L.'s arrest. Moreover, the fact that Dawkins appeared to be attempting to flee gave the officers reasonable suspicion that he was armed and dangerous. The District Court found that the officers had a reasonable suspicion that Dawkins was armed and dangerous, particularly because he was in the company of a well known drug trafficker, who was known to carry weapons and to associate with individuals who carry weapons. In addition, B.L. had made threats against the police; specifically, against one of the arresting officers, Officer Sealock.

The District Court's Order succinctly and accurately analyzed the relevant law and applied it to the facts here. We find that the District Court properly denied the motion to suppress. Further, the scope of the frisk was permissible and the drugs lawfully seized because the frisking officer concluded that the bulges in Dawkins's pants were contraband before he eliminated the possibility that they were weapons. See United States v. Yamba, 506 F.3d 251, 259 (3d Cir. 2007).

Accordingly, we will affirm the District Court's Order.

3